UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. 5:22-cv-00216-DCR

*Electronically Filed*

CHETWIN ADAMS                                                                      PLAINTIFF

v.                            **ANSWER OF DEFENDANT,
CASSENS TRANSPORT COMPANY**

AUNDRAY STEWART, et al.                                     DEFENDANTS

\*\*\*     \*\*\*     \*\*\*     \*\*\*     \*\*\*

Comes the defendant, Cassens Transport Company ("Cassens"), by counsel, for its answer to the plaintiff's complaint herein, states as follows:

FIRST DEFENSE

1. The complaint fails to state a claim against Cassens upon which relief may be granted.

SECOND DEFENSE

2. Cassens is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint and, therefore, denies same.

3. Cassens admits the allegations contained in paragraphs 2 and 3 of the complaint.

4. Cassens is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 4 and 5 of the complaint and, therefore, denies same.

5. In response to paragraph 6 of the complaint, Cassens admits that an automobile accident occurred in Montgomery County, Kentucky on or about March 26, 2019 between a vehicle operated by the plaintiff, Chetwin Adams, and a vehicle operated by the defendant, Aundray Stewart; otherwise, paragraph 6 calls for a legal conclusion to which no response is required; to the extend a response is required, the allegations contained in paragraph 6 are denied.

6. Cassens is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint and, therefore, denies same.

7. In response to paragraph 8 of the complaint, Cassens reiterates and adopts each and every defense and affirmative defense set forth above and below to paragraphs 1 through 7 of the complaint, the same as if set forth fully herein.

8. Cassens admits the allegations contained in paragraph 9 of the complaint.

9. Cassens denies the allegations contained in paragraphs 10 and 11 of the complaint.

10. Cassens admits the allegations contained in paragraph 12 of the complaint.

11. Cassens denies the allegations contained in paragraph 13 of the complaint and further denies the existence of any negligent or reckless conduct on the part of the defendant, Aundray Stewart.

12. In response to paragraph 14 of the complaint, Cassens denies the existence of any negligence on the part of the defendants; otherwise, Cassens is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint and, therefore, denies same.

13. In response to paragraph 15 of the complaint, Cassens reiterates and adopts each and every defense and affirmative defense set forth above and below to paragraphs 1 through 14 of the complaint, the same as if set forth fully herein.

14. Cassens is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 17, 18 and 19 of the complaint and, therefore, denies same.

15. In response to paragraph 20 of the complaint, Cassens reiterates and adopts each and every defense and affirmative defense set forth above and below to paragraphs 1 through 19 of the complaint, the same as if set forth fully herein.

16. Cassens is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 21, 22, 23, 24, 25, 26, 27 and 28 of the complaint and, therefore, denies same.

17. In response to paragraph 29 of the complaint, Cassens reiterates and adopts each and every defense and affirmative defense set forth above and below to paragraphs 1 through 28 of the complaint, the same as if set forth fully herein.

18. Cassens is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 30, 31, 32 and 33 of the complaint and, therefore, denies same.

19. In response to paragraph 34 of the complaint, Cassens reiterates and adopts each and every defense and affirmative defense set forth above and below to paragraphs 1 through 33 of the complaint, the same as if set forth fully herein.

20. Cassens admits the allegations contained in paragraphs 35 and 36 of the complaint.

21. Paragraph 37 of the complaint states a legal conclusion to which no response is required from Cassens; to the extent a response is required, the allegations contained in paragraph 37 of the complaint are denied.

22. In response to paragraph 38 of the complaint, Cassens admits that the defendant, Aundray Stewart, was working in the course of his employment with Cassens at the time of the subject accident; otherwise, Cassens denies the allegations contained in paragraph 38 of the complaint.

23. Cassens denies the allegations contained in paragraphs 39, 40 and 41 of the complaint.

24. Any allegation contained in the complaint that is not expressly admitted is denied.

## THIRD DEFENSE

25. The plaintiff's claims are barred, in whole or in part, by the terms, provisions, and conditions of the Kentucky Motor Vehicle Reparations Act set forth at KRS 304.39-010, et seq.

## FOURTH DEFENSE

26. The plaintiff's claims are barred, in whole or in part, by the failure of the plaintiff to exercise ordinary care for his own safety, said failure being a substantial factor in causing the damages of which plaintiff complains, if any there be.

## FIFTH DEFENSE

27. The plaintiff's claims are barred, in whole or in part, by the failure to name an indispensable and/or correct party.

## SIXTH DEFENSE

28.     The plaintiff's claims are barred, in whole or in part, to the extent that the plaintiff's damages, if any there be, were caused by the action or inaction of a third party or third parties over whom Cassens exercised no control.

## SEVENTH DEFENSE

29.     The plaintiff's claims are barred, in whole or in part, to the extent said claims are not pursed by the real party in interest.

## EIGHTH DEFENSE

30.     The plaintiff's claims are barred, in whole or in part, by the operation of an intervening and/or superseding cause.

## NINTH DEFENSE

31.     To the extent any person or entity exists that has paid any amounts to or the benefit of the plaintiff for the damages alleged in the complaint and who have not been properly notified of their subrogation rights, plaintiff has failed to comply with KRS 411.188, and her complaint is barred.

## TENTH DEFENSE

32.     The plaintiff's claims are barred, in whole or in part, by the plaintiff's failure to mitigate his damages, if any there be.

## ELEVENTH DEFENSE

33.     The plaintiff's claims for punitive damages are barred, in whole or in part, by the provisions of KRS 411.184, as well as the applicable provisions of the United States Constitution and the Kentucky Constitution regarding due process of law and the imposition of excessive fines.

## TWELFTH DEFENSE

34. The plaintiff's claims are barred, in whole or in part, by the doctrine of sudden emergency.

## THIRTEENTH DEFENSE

35. The plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTEENTH DEFENSE

36. The plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

WHEREFORE the defendant, Cassens Transport Company, demands that the complaint against it be dismissed with prejudice, a trial by jury of all issues so triable, its attorneys' fees and costs herein expended, and all other and proper relief to which it may be entitled.

Respectfully submitted,

STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380
(859) 231-3000
(859) 253-1093 facsimile

By: /s/ Palmer G. Vance II
    Palmer G. Vance II
    gene.vance@skofirm.com
    Patrick T. Eavenson
    patrick.eavenson@skofirm.com

COUNSEL FOR DEFENDANT,
CASSENS TRANSPORTATION COMPANY

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was served through the Court's electronic filing system and by United States Mail, postage prepaid on this 22nd day of August 2022 to the following:

Morgan Smith Miller
RICHARDSON & SMITH, P.S.C.
122 New Towne Square, Suite B
Morehead, KY  40351
COUNSEL FOR PLAINTIFF

Edward H. Stopher
BOEHL STOPHER & GRAVES, LLP
400 W. Market Street, Suite 2300
Louisville, KY 40202
COUNSEL FOR GREENWICH INSURANCE COMPANY

<u>/s/ Palmer G. Vance II</u>
COUNSEL FOR DEFENDANT,
CASSENS TRANSPORTATION COMPANY