UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
*Electronically Filed*

| | |
|---|---|
| CHETWIN ADAMS ) | |
| ) | |
| Plaintiff, ) | CASE NO. 5:22-cv-00216-DCR |
| ) | |
| v. ) | Removed from Montgomery Circuit Court |
| ) | Case No. 22-CI-90117 |
| AUNDRAY STEWART; CASSENS ) | |
| TRANSPORTATION COMPANY; ) | |
| GREENWICH INSURANCE COMPANY; ) | |
| BROADSPIRE SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

**ANSWER**

Defendant Greenwich Insurance Company ("Greenwich"), by its undersigned attorneys, answers each paragraph of the complaint filed by plaintiff Chetwin Adams ("Plaintiff") as follows:

1-3.    Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1-3, and therefore denies the same.

4.    Greenwich denies the allegations of paragraph 4, except that Greenwich admits that it is a Delaware corporation with its principal place of business in Connecticut.

5.    Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies the same.

**JURISDICTION AND VENUE**

6.    Greenwich denies the allegations of paragraph 6, except that on information and belief Greenwich admits that an automobile accident occurred in Montgomery County, Kentucky on March 26, 2019 between a vehicle operated by Plaintiff and a vehicle operated by defendant Aundray Stewart.

1

7. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies the same.

## COUNT I – NEGLIGENCE AND NEGLIGENT ENTRUSTMENT

8. Greenwich realleges paragraphs 1-7 of this Answer in response to the allegations of paragraph 8.

9-14. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 9-14 to the extent they are directed at entities other than Greenwich and therefore denies the same. To the extent the allegations of paragraphs 9-14 are alleged against Greenwich, Greenwich lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

## COUNT II – VIOLATION OF UNFAIR CLAIMS SETTLEMENT PRACTICES ACT – KRS 304.12-230

15. Greenwich realleges paragraphs 1-14 of this Answer in response to the allegations of paragraph 15.

16. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 to the extent it is directed at entities other than Greenwich and therefore denies the same. To the extent the allegations of paragraph 16 are alleged against Greenwich, Greenwich denies the allegations of paragraph 16, except that Greenwich admits that it issued policy number RAD943781502 to Cassens Corp. for the policy period 9/30/18 to 9/20/19, which policy speaks for itself.

17-19. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 17-19 to the extent they are directed at entities other than Greenwich and therefore denies the same. To the extent the allegations of paragraphs 17-19 are alleged against Greenwich, Greenwich denies the allegations of paragraphs 17-19.

## COUNT III – BAD FAITH

20. Greenwich realleges paragraphs 1-19 of this Answer in response to the allegations of paragraph 20.

21-28. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 21-28 to the extent they are directed at entities other than Greenwich and therefore denies the same. To the extent the allegations of paragraphs 21-28 are alleged against Greenwich, Greenwich denies the allegations of paragraphs 21-28.

## COUNT IV – CONSUMER PROTECTION ACT

29. Greenwich realleges paragraphs 1-28 of this Answer in response to the allegations of paragraph 29.

30-33. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 30-33 to the extent they are directed at entities other than Greenwich and therefore denies the same. To the extent the allegations of paragraphs 30-33 are alleged against Greenwich, Greenwich denies the allegations of paragraphs 30-33.

## COUNT V – VICARIOUS LIABILITY

34. Greenwich realleges paragraphs 1-33 of this Answer in response to the allegations of paragraph 34.

35-36. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 35-36 to the extent they are directed at entities other than Greenwich and therefore denies the same. To the extent the allegations of paragraphs 35-36 are alleged against Greenwich, Greenwich lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, Greenwich denies the allegations of paragraph 37.

38-41. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 38-41 to the extent they are directed at entities other than Greenwich and therefore denies the same. To the extent the allegations of paragraphs 38-41 are alleged against Greenwich, Greenwich lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

The language in the "WHEREFORE" section that follows paragraph 41 consists of a description of the relief sought by Plaintiff, to which no response is required. To the extent that a response is required, Greenwich denies that Plaintiff is entitled to any relief against Greenwich.

## AFFIRMATIVE DEFENSES

1. Greenwich denies each element of the Complaint that is not expressly admitted. In addition, Greenwich asserts the following defenses without assuming the burden of proof where such burden would otherwise be on Plaintiff or another party.

2. Greenwich denies liability as to all matters asserted against it in the Complaint.

3. Greenwich denies any allegations that it acted in bad faith or in violation of the Kentucky Unfair Claims Settlement Practices Act (KRS 304.12-230 *et seq.*).

4. Greenwich denies any allegations that it engaged in unfair or deceptive practices in the business of insurance in violation of KRS 304.12-010.

5. There is a genuine dispute concerning Cassens Transport Company's liability for Plaintiff's alleged injuries.

6. There is a genuine dispute concerning the extent and severity of Plaintiff's alleged injuries.

7.      Plaintiff's claims are barred, in whole or in part, by the terms, provision, and conditions of the Kentucky Motor Vehicle Reparations Act set forth at KRS 304.39-010, *et seq.*

8.      Plaintiff is contributorily negligent for his alleged injuries.

9.      Plaintiff's claims are barred, in whole or in part, by the operation of an intervening and/or superseding cause.

10.     The burden is on the party asserting coverage under the policy issued by Greenwich to prove that the claim for which it seeks coverage falls within the scope of the coverage provided by terms and conditions of the policy.

11.     Greenwich's obligations under the policy issued by Greenwich, if any, are defined by the terms and conditions of the policy, including, without limitation, conditions precedent, limits of liability, deductibles, self-insured retentions, policy periods, requirements of exhaustion of other insurance, and notice requirements. Greenwich expressly reserves, and does not waive, its rights under all of the terms and conditions of the policy.

12.     Any recovery of punitive damages by Plaintiff, the entitlement to which must be expressly proven by the Plaintiff, should be reduced according to law.

13.     Greenwich reserves the right to assert any other defenses as additional facts become known during its investigation and the discovery process in this action.

**WHEREFORE**, Greenwich prays for judgment in its favor, for its costs of this action, and for all other just and proper relief.

        Respectfully submitted,

        /s/ *Edward H. Stopher*
        Edward H. Stopher
        Boehl, Stopher & Graves, LLP
        400 West Market Street
        Suite 2300
        Louisville, KY 40202
        T: (502) 589-5980
        F: (502) 561-9400
        EStopher@BSG-law.com

        *Counsel for Greenwich Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 15, 2022, I electronically filed the foregoing with the Clerk of the Court by using the electronic filing system and served the same via U.S. First Class Mail on:

| | |
|---|---|
| Morgan Smith Miller | Palmer G. Vance II |
| RICHARDSON & SMITH, P.S.C. | Patrick T. Eavenson |
| ATTORNEYS AT LAW | STOLL KEENON OGDEN, PLLC |
| 122 New Towne Square, Suite B | 300 West Vine Street, Suite 2100 |
| Morehead, KY 40351 | Lexington, KY 40507 |
| richandsmith@outlook.com | gene.vance@skofirm.com |
| | patrick.eavenson@skofirm.com |
| | |
| *Counsel for Plaintiff,* | *Counsel for Defendants,* |
| *Chetwin Adams* | *Aundray Stewart,* |
| | *Cassens Transport Company, and* |
| | *Broadspire Services, Inc.* |